GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Paul Ferrillo
William A. Wargo
Tel: (212) 801-9200
Fax: (212) 801-6400
FerrilloP@gtlaw.com
WargoW@gtlaw.com

*Attorneys for Defendant*
*Episcopal Health Services Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORRELL DUMAY, DIAN DUMAY, and JODI WOLFSON, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>  -against-<br><br>EPISCOPAL HEATH SERVICES INC.,<br><br>                Defendant. | Civil Action No. _____<br><br>Removed from the Supreme Court of the State of New York, Queens County, Index No. 715629/2019<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that defendant Episcopal Health Services Inc. ("Episcopal") hereby removes the above-entitled civil action to the United States District Court for the Eastern District of New York from the Supreme Court of the State of New York, Queens County, on the grounds that this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1367 and 1441. In support of this Notice of Removal, Episcopal states as follows:

**BACKGROUND AND NATURE OF THIS ACTION**

1. On or about September 11, 2019, Lorrell Dumay, Dian Dumay, and Jodi Wolfson (collectively, "Plaintiffs") filed a Summons and Complaint in the Supreme Court of the State of

New York, Queens County (the "State Court"), captioned *Lorrell Dumay et al. v. Episcopal Health Services Inc.*, Index No. 715629/2019 (the "State Court Action").  True and correct copies of the Summons and Complaint are annexed hereto in composite **Exhibit A**.

2. Plaintiffs plead that, in connection with their medical treatment at St. John's Episcopal Hospital ("St. Johns") in Far Rockaway, New York, they supplied to Episcopal certain personal and financial information, as well as health information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") (collectively, the "Sensitive Information"). *See* Exhibit A, Complaint in the State Court Action ("Complaint" or "Compl.") ¶¶ 1-2, 8. Plaintiffs further plead that between August 28, 2018 and October 5, 2018, the email accounts of one or more Episcopal employees were "hacked" by third party criminals (the "Data Breach"), resulting in the unauthorized disclosure of their Sensitive Information. *See id.* ¶ 3.

3. The primary allegation in the Complaint is that Episcopal had a duty under federal law to protect Plaintiffs' Sensitive Information. Specifically, Plaintiffs plead that Episcopal "had obligations created by HIPAA … to keep the compromised Sensitive Information confidential and to protect it from unauthorized disclosures." *Id.* ¶ 36; *see also id.* ¶¶ 64-65 (pleading that Episcopal's duty to use reasonable security measures to protect Plaintiffs' Sensitive Information arose under HIPAA). Plaintiffs further plead that, "[Episcopal] had a duty to use reasonable security measures under Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, which prohibits 'unfair … practices in or affecting commence,' …." Compl. ¶ 66.

4. According to Plaintiffs, the Data Breach demonstrates that Episcopal violated its duties by not:

- "Ensuring the confidentiality and integrity of electronic protected health information they created, received, maintained, and/or transmitted, in violation of 45 C.F.R. § 164.306(a)(1)";

- "Implementing technical policies and procedures for electronic information systems that maintain electronic protected health information to allow access only to those persons or software programs that have been granted access rights in violation of 45 C.F.R. § 164.312(a)(1)";

- "Implementing policies and procedures to prevent, detect, contain, and correct security violations in violation of 45 C.F.R. § 164.308(a)(1)(i)";

- "Implementing procedures to review records of information system activity regularly, such as audit logs, access reports, and security incident tracking reports in violation of 45 C.F.R. § 164.306(a)(1)(ii)(D)";

- "Protecting against any reasonably anticipated threats or hazards to the security or integrity of electronic protected health information in violation of 45 C.F.R. § 164.306(a)(2)";

- "Protecting against reasonably anticipated uses or disclosures of electronic protected health information that are not permitted under the privacy rules regarding individually identifiable health information in violation of 45 C.F.R. § 164.306(a)(3)";

- "Ensuring compliance with the HIPAA security standard rules by their workforces in violation of 45 C.F.R. § 164.306(a)(4)"; and/or

- "Training all members of their workforces effectively on the policies and procedures with respect to protected health information as necessary and appropriate for the members of their workforces to carry out their functions and to maintain security of protection health information, in violation of 45 C.F.R. § 164.530(b)."

Compl. ¶ 40(c)-(j).

5. Based on the foregoing allegations, Plaintiffs purport to assert seven causes of action against Episcopal: (1) negligent handling of Plaintiffs' Sensitive Information; (2) negligent hiring and training of employees; (3) breach of implied contract; (4) breach of fiduciary duty; (5) violation of New York General Business Law § 899-AA; (6) violation of New York General Business Law § 349; and (7) a cause of action for an injunction requiring Episcopal to implement certain cybersecurity and email protocols.

6. Plaintiffs purport to bring these claims on behalf of themselves as individuals, and also on behalf of a proposed class of "[a]ll persons whose Sensitive Information was provided to [Episcopal] as part of their obtaining medical treatment at St. John's … or its satellite facilities,

3

[and] was exposed to unauthorized access by way of employee email accounts between August 28, 2018, and October 5, 2018." Compl. ¶ 47.

7. The primary common question of fact and law cited by Plaintiffs in support of class certification is "[w]hether Defendant's data security systems prior to the Data Breach met the requirements of laws including, for instance, HIPAA." Compl. ¶ 54(a).

## GROUNDS FOR REMOVAL

8. Removal of the State Court Action to this Court is proper under 28 U.S.C. §§ 1331 and 1441(a) because Plaintiffs' claims arise under the laws of the United States. Plaintiffs' claims against Episcopal are expressly and affirmatively premised on duties allegedly arising under HIPAA and the Federal Trade Commission Act ("FTCA"). Compl. ¶¶ 36, 40, 54(a), 64-66. Indeed, Plaintiffs' first and second causes of action, for negligence, appear to be premised on no fewer than eight separate breaches of HIPAA. *Id.* ¶ 40. Neither of these causes of action specifically identifies any state law duty of care that was allegedly breached.

9. The only state law referenced in Plaintiffs' Complaint which specifically addresses Senstitive Information is New York's General Business Law § 899-AA. Plaintiffs plead that this statute obligated Episcopal to provide disclosure of the Data Breach within "'the most expedient time possible and without unreasonable delay.'" Compl. ¶ 105 (quoting N.Y. Gen. Bus. Law § 899-AA(2)). Episcopal's alleged breach of this state law obligation forms the basis of Plaintiffs' fifth cause of action.

10. To the extent that this claim, or any of Plaintiffs' other claims, are not premised on or preempted by federal law, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as Plaintiffs' federal claims under Article III of the United States Constitution.

## COMPLIANCE WITH REMOVAL PROCEDURES

11. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of actions. Episcopal has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

12. The removal of the State Court Action is timely pursuant to 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within thirty (30) days of Episcopal's receipt of copies of the Summons and Complaint. Specifically, on October 7, 2019, Episcopal received copies of the Summons and Complaint by certified mail from the New York Department of State. On October 21, 2019, the parties agreed to extend Episcopal's time to answer or otherwise respond to the Complaint until November 27, 2019, without prejudice to Episcopal's right to remove the State Court Action to this Court.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the State Court Action is being removed from the Supreme Court of the State of New York, Queens County.

14. Episcopal is the only named defendant in the State Court Action and consents to removal.

15. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Episcopal and filed in the State Court Action are annexed hereto as composite **Exhibit A**.

16. Pursuant to 28 U.S.C. §§ 1446(d), Episcopal will give prompt written notice of the filing of this Notice of Removal to Plaintiffs and file a copy of this Notice of Removal with the Clerk of the State Court. A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit B**.

17. The State Court Action has not previously been removed to any federal court.

18. The undersigned counsel for Episcopal has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Episcopal's right to assert any defense or affirmative matter, whether procedural or substantive, or as an admission of fact, law, or liability.

WHEREFORE, for the reasons stated above, defendant Episcopal Health Services, Inc. removes this action from the Supreme Court of the State of New York, Queens County, to the United States District Court for the Eastern District of New York, and respectfully requests that the Court accept jurisdiction over this action.

Dated: November 4, 2019
New York, New York

Respectfully submitted,

/s/ Paul Ferrillo
Paul Ferrillo
William A. Wargo
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200
Fax: (212) 801-6400
FerrilloP@gtlaw.com
WargoW@gtlaw.com

*Attorneys for Defendant Episcopal Health Services Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2019, true and correct copies of the foregoing Notice of Removal and accompanying exhibits were served via email and first-class U.S. Mail, postage prepaid, upon the following:

Jeremiah Frei-Pearson
Todd S. Garber
John Sardesai-Grant
Andrew C. White
Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
jfrei-pearson@fbfglaw.com
tgarber@fbfglaw.com
jsardesaigrant@fbfglaw.com
awhite@fbfglaw.com

Paul M. Sod
Law Offices of Paul M. Sod
337R Central Avenue
Lawrence, New York 11559
Tel: (516) 295-0707
paulmsod@gmail.com

*Attorneys for Plaintiffs and the Proposed Class*

                                                  /s/ William A. Wargo
                                                    William A. Wargo